IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC NETTLES, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:24-cv-196-ECM |
| | ) [WO] |
| STATE FARM MUTUAL FIRE AND | ) |
| CASUALTY INSURANCE COMPANY, | ) |
| | ) |
|    Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

On November 19, 2024, the Magistrate Judge entered a Recommendation (doc. 17)[1] in this case recommending that: (1) the Defendant's partial motion to dismiss (doc. 3) be granted as to Counts II and IV of the Plaintiff's complaint; (2) the Plaintiff's amended motion to remand (doc. 9) be denied; and (3) the Plaintiff's motion to remand (doc. 8) be denied as moot.  To date, no objections to the Recommendation have been filed.  Upon an independent review of the file and upon consideration of the Recommendation, the Court concludes that the Recommendation is due to be adopted with modifications.

**II.  BACKGROUND**

On February 27, 2024, the Plaintiff filed a complaint against the Defendant in the Circuit Court of Montgomery County, Alabama, for claims stemming from a dispute regarding the Plaintiff's homeowner's insurance policy.  The Plaintiff's state court

---

[1] For clarity, the Court refers to the document and page numbers generated by CM/ECF.

complaint asserted the following four claims: breach of contract (Count I); fraud, deceit, misrepresentation, and suppression (Count II); bad faith (Count III); and outrage (Count IV). (*See generally* doc. 1-1 at 6–10, paras. 15–38). The Plaintiff asserts that his roof was damaged during a hailstorm and that the Defendant denied the Plaintiff's insurance claim. (*Id.* at 5, paras. 10–11).

On March 28, 2024, the Defendant timely removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1 at 3–7, paras. 7–18). Shortly thereafter, the Defendant moved to dismiss Counts II (fraud, deceit, misrepresentation, and suppression) and IV (outrage) of the Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See generally* doc. 3). On April 15, 2024, in compliance with 28 U.S.C. § 1447(c), the Plaintiff filed a motion to remand this case to state court (doc. 8), which he subsequently amended (doc. 9).[2] The amended motion to remand and partial motion to dismiss were fully briefed before the Recommendation was issued on November 19, 2024.

### III. DISCUSSION

The Court has carefully reviewed the Recommendation and the entire record. Although the Court disagrees with, and declines to adopt, parts of the Recommendation's analysis, the Court ultimately concludes that the Recommendation is due to be adopted with modifications.

---

[2] The Plaintiff filed his original motion to remand (doc. 8) and amended motion to remand (doc. 9) on the same day—April 15, 2024. The Magistrate Judge properly considered only the Plaintiff's amended motion to remand. *See, e.g*, *Brooks v. Floco Foods, Inc.*, 2019 WL 313193, at *1 n.1 (S.D. Ga. Jan. 24, 2019) (Denying a plaintiff's original motion to remand as moot, "[b]ecause [p]laintiff's amended motion to remand supersedes [plaintiff's] original motion.").

The Magistrate Judge recommends that the Defendant's partial motion to dismiss Counts II and IV of the Plaintiff's complaint be granted, the Plaintiff's amended motion to remand be denied, and the Plaintiff's motion to remand be denied as moot. (*See* doc. 17 at 16–17). Although the Magistrate Judge correctly concluded that dismissal of Counts II and IV of the Plaintiff's complaint was appropriate, the Recommendation suffers from two deficiencies regarding its subject matter jurisdiction analysis. First, the Magistrate Judge analyzed the partial motion to dismiss Counts II and IV of the Plaintiff's complaint before evaluating the Plaintiff's amended motion to remand. Second, by analyzing dismissal of Counts II and IV of the Plaintiff's complaint before evaluating the Plaintiff's amended motion to remand, the Magistrate Judge incorrectly calculated the amount in controversy. The Court first addresses the order in which the motions were analyzed and considered. Then, the Court evaluates the correct calculation of the jurisdictional amount in controversy.

**A.     Subject Matter Jurisdiction:  Sequence of Review**

First, the Court must confirm that its exercise of jurisdiction is proper before addressing any other issues. Thus, it is wrong to examine a motion to dismiss before a motion to remand. "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (alteration in original) (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

A district court "should inquire into whether it has [subject-matter] jurisdiction at the *earliest* possible stage in the proceedings." *Am. C. L. Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (emphasis added) (alteration in original) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)). Following an action's removal from state court, a district court's "'*first*' task is to 'determine whether it has original jurisdiction over the plaintiff's claims.'" *Id.* (emphasis added) (citing *Univ. of S. Ala.*, 168 F.3d at 410).

The court's first task—to assure itself of jurisdiction—takes priority and must be addressed before analyzing any pending dispositive motion. *See, e.g.*, *In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir. 1959)[3] (holding that a motion to remand for lack of subject matter jurisdiction necessarily precedes a motion to dismiss); *see also Nichols v. Se. Health Plan of Ala., Inc.*, 859 F. Supp. 553, 559 (S.D. Ala. 1993) ("Because this case is remanded, the defendants' motion to dismiss is not considered.").

In the instant case, the Plaintiff's amended motion to remand must be resolved before reaching a decision regarding the Defendant's partial motion to dismiss. This sequence of review ensures that the Court has jurisdiction over the suit, which prevents it from prematurely and impermissibly deciding the merits of a case.

**B.      Amount in Controversy**

By determining that Counts II and IV of the Plaintiff's complaint were due to be dismissed before turning to the Plaintiff's amended motion to remand, the amount in

---

[3] The Court here, and elsewhere in the Opinion, cites to nonbinding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

controversy was incorrectly analyzed. Specifically, the amount in controversy was determined only by considering the undismissed claims. (*See* doc. 17 at 12) ("Plaintiff has two remaining claims: breach of contract (Count I) and bad faith (Count III)."). This approach is erroneous. Federal courts must measure "the amount in controversy on the date on which the court's diversity jurisdiction is first invoked"—here as of March 28, 2024—the date of removal. *See The Burt Co. v. Clarendon Nat. Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010) (per curiam); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) ("A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later."). In his complaint, the Plaintiff claimed four violations of Alabama state law: breach of contract (Count I); fraud, deceit, misrepresentation, and suppression (Count II); bad faith (Count III); and outrage (Count IV). (*See generally* doc. 1-1 at 6–10, paras. 15–38). An analysis which only evaluates the amount in controversy regarding the undismissed claims—Counts I and III is improper. Evaluating the amount in controversy through the lens of undismissed counts does not properly focus on the amount in controversy at the time of removal. *See Pretka*, 608 F.3d at 751.

The Eleventh Circuit advises courts to "include in [the amount-in-controversy] calculation the amount of all claims asserted in the version of the complaint on the date of removal." *The Burt Co.*, 385 F. App'x at 894. At the time of removal, the Plaintiff's complaint included four claims. Therefore, Counts II and IV should not be excluded from the amount-in-controversy calculation. The "critical time is the date of removal[,]" and "[i]f jurisdiction was proper on that date, subsequent events, even the loss of the required

5

amount in controversy, will not operate to divest the court of jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Notwithstanding the modification of the analysis, the Court finds that the Magistrate Judge was correct to conclude that the jurisdictional amount in controversy is satisfied. The jurisdictional amount in controversy would have been met if all four of the Plaintiff's claims were considered. Further, the Court agrees with the Magistrate Judge that Counts II and IV of the Plaintiff's complaint are due to be dismissed. Therefore, the Recommendation's conclusion is correct and due to be adopted, as modified by this Memorandum Opinion.

## IV. CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED as follows:

1. The Recommendation of the Magistrate Judge (doc. 17) is ADOPTED as modified herein.

2. The Plaintiff's amended motion to remand (doc. 9) is DENIED.

3. The Plaintiff's motion to remand (doc. 8) is DENIED as moot.

4. The Defendant's partial motion to dismiss Counts II and IV of the Plaintiff's complaint (doc. 3) is GRANTED.

5. This case is REFERRED back to the Magistrate Judge for further proceedings.

DONE this 7th day of February, 2025.

          /s/ Emily C. Marks
         EMILY C. MARKS
         CHIEF UNITED STATES DISTRICT JUDGE